UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DONALD DAWSON-DURGAN,<br>　　　Petitioner,<br><br>vs.<br><br>WARDEN, WARREN<br>CORRECTIONAL INSTITUTION,<br>　　　Respondent. | Case No. 1:19-cv-382<br><br>McFarland, J.<br>Bowman, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the Warren Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss (Doc. 11) and petitioner's motion for leave to stay the proceedings (Doc. 14).

In May 2019, petitioner commenced the instant federal habeas corpus action (Doc. 1), raising the following seven grounds for relief:

> **GROUND ONE**: The court erred when it overruled the defense's motion to suppress defendant's statements.
>
> **Supporting Facts:** Defendant's constitutional rights were violated when during a custodial interrogation by police when his rights were not appraised [sic] by those officers in accordance with his constitutional protections.
>
> **GROUND TWO**: The defendant was denied effective assistance of trial counsel as guaranteed by Section 10, Article I of the Ohio Constitution and the 6th and 14th Amendments.
>
> **Supporting Facts**: Counsel failed to present false confession evidence when it was crucial to the defense's theory.
>
> **GROUND THREE**: The trial court erred to the prejudice of the defendant as there was insufficient evidence to convict. And the verdict was against the manifest weight of the evidence.
>
> **Supporting Facts**: Evidence showed defendant did not commit the offenses and his convictions were not supported by the weight of the evidence.

> **GROUND FOUR**:  There was insufficient evidence to sustain a conviction for weapons under disability.
>
> **Supporting Facts:**  No evidence was presented the defendant possessed or had under his control a firearm.
>
> **GROUND FIVE**:  The judgment entry does not reflect the proper manner of conviction related to any of the courts.
>
> **Supporting Facts**:  The entry of judgment does not comport to the record.
>
> **GROUND SIX**:  The defendant Donald Dawson Durgan's rights to due process of law, and an impartial jury, as well as a fair trial pursuant to the 6th and 14th Amendments were violated because he was seen multiple times by the jury in handcuffs and being transported in the company of deputy sheriffs.
>
> **Supporting Facts**:  The defendant was prejudiced by being witnessed by jury member who reacted negatively to seeing him handcuffed.
>
> **GROUND SEVEN**:  Defendant's counsel was ineffective for waiving his presence during a critical stage of the proceedings causing a manifest miscarriage of justice and violating his right to trial.

(Doc. 1).

In response to the petition, respondent filed a motion to dismiss.  (Doc. 11).  According to respondent, at the time the petition was filed petitioner failed to exhaust his state court remedies with respect to Grounds Six and Seven of the petition.  Petitioner raised these claims in a post-conviction petition in the trial court, which was denied on January 15, 2019.  (Doc. 10, Ex. 28).  Petitioner subsequently filed an appeal of the decision to the Ohio Court of Appeals, which remained pending at the time the motion to dismiss was filed.  Respondent moves the Court to dismiss the mixed petition or to allow petitioner to withdraw his unexhausted claims.

Petitioner subsequently filed a motion to stay this action so that he can exhaust Grounds Six and Seven.  (Doc. 14).  Respondent opposes the motion, arguing that petitioner failed to

2

demonstrate good cause for his failure to exhaust his claims prior to filing his petition and that petitioner would not face a statute of limitations issue if the petition was dismissed without prejudice. (Doc. 15).

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong

3

presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

The 1996 Antiterrorism and Effective Death Penalty Act (AEDPA) "preserve[s] *Lundy*'s total exhaustion requirement" and "impose[s] a one-year statute of limitations on the filing of federal habeas petitions. *Rhines v. Weber,* 544 U.S. 269, 275 (2005). Some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and the petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778–81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court,

4

be sure that you first have taken each one to state court." *Id.* at 276–77 (quoting *Lundy,* 455 U.S. at 520).

> The Court went on to determine that:
>
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277–78. On the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In this case, a stay is not warranted in light of the adjudication of petitioner's claims in the state courts. As noted above, petitioner seeks a stay to exhaust Grounds Six and Seven of the petition. (*See* Doc. 14). These claims were raised in petitioner's October 2018 post-conviction petition. (*See* Doc. 10, Ex. 27). The trial court denied the motion on January 15, 2019 and

5

petitioner sought an appeal in the Ohio Court of Appeals, which remained pending at the time of the filing of the petition, motion to dismiss, and motion to stay. (*See* Doc. 10, Ex. 28–32). On March 25, 2020, the Ohio Court of Appeals dismissed the appeal, finding that the trial court lacked jurisdiction to review petitioner's petition because, pursuant to Ohio Rev. Code § 2953.21(A)(2), petitioner waited longer than 365 days after the trial transcript was filed with the court of appeals in the direct appeal.[1] Petitioner did not seek further review of the decision in the Ohio Supreme Court and no longer has any available state court remedies. Petitioner had forty-five days to appeal the Ohio Court of Appeals' March 25, 2020 decision and the Ohio Supreme Court's Rules of Practice do not permit delayed appeals to the state's highest court from appeals involving post-conviction relief. *See* Ohio S.Ct. Prac. R. 7.01(4)(c).

Accordingly, because petitioner's claims in Grounds Six and Seven are now exhausted[2] a stay is not warranted and petitioner's motion to stay this action (Doc. 14) should be **DENIED**. Similarly, because petitioner no longer has any available remedy with respect to Grounds Six and Seven, dismissal on exhaustion grounds is not warranted at the juncture. Respondent's motion to dismiss for lack of exhaustion (Doc. 11) should also be **DENIED**.

---

[1] Viewed at www.clerkcourt.org under Case No. C 1900136. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[2] In failing to present the claims to the Ohio Supreme Court, it appears that petitioner committed a procedural default of the previously unexhausted claims. The undersigned expresses no opinion as to whether petitioner may be able to establish cause to overcome the default in this Report and Recommendation.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's motion to stay (Doc. 14) be **DENIED.**

2. Respondent's motion to dismiss (Doc. 11) be **DENIED** and respondent be **ORDERED** to file response to the petition in compliance with the Court's July 25, 2019 Order within sixty (60) days.

      *s/Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD DAWSON-DURGAN,  Case No. 1:19-cv-382
    Petitioner,

                                                                          McFarland, J.
vs.                                                                        Bowman, M.J.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
    Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).