# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DONALD DAWSON-DURGAN,<br>    Petitioner, | Case No. 1:19-cv-382 |
| vs. | McFarland, J.<br>Bowman, M.J. |
| WARDEN, WARREN<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

On July 28, 2020, the undersigned issued a Report and Recommendation to deny petitioner's motion to stay this action and respondent's motion to dismiss. (*See* Doc. 16). With respect to the motion to stay, petitioner asked the Court to stay the action so that he can exhaust Grounds Six and Seven of the petition. (Doc. 14). In recommending that the motion be denied, the Court noted that petitioner raised the unexhausted claims in his October 2018 post-conviction petition, which was denied by the trial court. (*See* Doc. 10, Ex. 27). Petitioner sought an appeal in the Ohio Court of Appeals, which remained pending at the time he filed his petition. (*See* Doc. 10, Ex. 28–32). The Ohio Court of Appeals dismissed the appeal on March 25, 2020.[1] In recommending that petitioner's motion to stay be denied, the Court reasoned that because petitioner failed to appeal to the Ohio Supreme Court and the Ohio Supreme Court's Rules of Practice do not permit delayed appeals to the state's highest court from appeals involving post-conviction relief, *see* Ohio S.Ct. Prac. R. 7.01(4)(c), that petitioner's claims were no longer unexhausted. (*See* Doc. 16). Because it appeared that petitioner had no remaining avenues of relief in the Ohio courts the undersigned recommended that the motion to stay (Doc. 14) and the

---

[1] Viewed at www.clerkcourt.org under Case No. C 1900136. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

motion to dismiss for lack of exhaustion (Doc. 11) be denied.

In response to the Report and Recommendation, petitioner has provided an Ohio Supreme Court Entry regarding the tolling of the statute of limitations and time limitations under the Ohio Revised Code due to the COVID-19 pandemic. In addition to tolling applicable limitations periods and time limits, the Entry indicates that "the Court will . . . grant reasonable requests to extend the time for filing of any type of document, provided that the request is necessitated by the COVID-19 emergency. A party may also file a motion for leave to file out of time, and the Clerk shall accept the motion if the delay in filing is due to the effects of or measures necessitated by the COVID-19 emergency." (*See* Doc. 17 at PageID 379). Petitioner argues that he has been locked down due to COVID-19 without access to a computer or the law library, that he intends to file an appeal in the Ohio Supreme Court, and that he has until September 14, 2020 to file a timely appeal. (*Id.* at PageID 376).

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's

2

established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

The 1996 Antiterrorism and Effective Death Penalty Act (AEDPA) "preserve[s] *Lundy*'s total exhaustion requirement" and "impose[s] a one-year statute of limitations on the filing of federal habeas petitions. *Rhines v. Weber,* 544 U.S. 269, 275 (2005). Some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and the petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. §

3

2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778–81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276–77 (quoting *Lundy,* 455 U.S. at 520).

> The Court went on to determine that:
>
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of

4

discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277–78. On the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Based on petitioner's response to the July 28, 2020 Report and Recommendation and the Ohio Supreme Court Entry attached thereto, the July 28, 2020 Report and Recommendation (Doc. 16) is hereby **VACATED**.

The undersigned recommends that the petition be stayed so that petitioner may attempt to exhaust the claims in Grounds Six and Seven of the petition through an appeal to the Ohio Supreme Court. At this point in the proceedings, the Court cannot conclude that petitioner's unexhausted claims are "plainly meritless" or that petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines,* 544 U.S. at 277–78. Furthermore, if the Court were to dismiss the petition without prejudice instead of staying the case, any subsequent petition filed by petitioner raising the claims alleged here may be subject to dismissal on statute of limitations grounds.

Accordingly, in sum, after weighing the *Rhines* factors, for good cause shown, and out of concern that the dismissal of the petition at this juncture might unreasonably impair future federal review of any of petitioner's grounds for habeas corpus relief, it is **RECOMMENDED** that petitioner's motion for stay and abeyance (Doc. 14) be **GRANTED** and that the instant proceedings be **STAYED** while petitioner is afforded the opportunity to fully exhaust his state

court remedies. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket. Respondent's motion to dismiss (Doc. 11) should therefore be **DENIED**.

## IT IS THEREFORE ORDERED THAT:

The July 28, 2020 Report and Recommendation (Doc. 16) is **VACATED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's motion for stay and abeyance be **GRANTED** (Doc. 14) and the petition be administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within thirty (30) days after fully exhausting his state court remedies through the requisite levels of state appellate review. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

2. Respondent's motion to dismiss (Doc. 11) be **DENIED.**

3. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See*

*generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203–206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.[2]

    4. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis.  See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

*[signature: Stephanie K Bowman]*

    Stephanie K. Bowman
    United States Magistrate Judge

---

[2] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD DAWSON-DURGAN,  
    Petitioner,

vs.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:19-cv-382

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8