**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| DONALD DAWSON-DURGAN, | : | Case No. 1:19-cv-382 |
| | : | |
| Petitioner, | : | Judge Matthew W. McFarland |
| | : | |
| vs. | : | |
| | : | |
| WARDEN, WARREN | : | |
| CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

---

## ORDER ADOPTING REPORT AND RECOMMENDATION (DOC. 18)

---

The Court has reviewed the Report and Recommendation (Doc. 18) of United States Magistrate Judge Stephanie K. Bowman, to whom this case is referred pursuant to 28 U.S.C. § 636(b).  As no objection to the Report and Recommendation has been filed and the time to do so has expired, the Court **ADOPTS** the Report and Recommendation in its entirety.  Accordingly, the Court rules as follows:

1.      Petitioner's motion for stay and abeyance is **GRANTED** (Doc. 14) and the petition is administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies.  The stay is conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within thirty (30) days after fully exhausting his state court remedies through the requisite levels of state appellate review.  Petitioner will be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

2.      Respondent's motion to dismiss (Doc. 11) is **DENIED**.

3.      A certificate of appealability shall not issue under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies.  *Cf.  Porter v. White*, No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections*, 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds).  *See generally Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn*, 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order).  "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.[1]

4.      With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore **DENIES** petitioner leave to appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

        **IT IS SO ORDERED**.

                                        UNITED STATES DISTRICT COURT
                                        SOUTHERN DISTRICT OF OHIO

                        By:   *Matthew W. McFarland*
                                        MATTHEW W. McFARLAND
                                        UNITED STATES DISTRICT JUDGE

---

[1] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack*, 529 U.S. at 484.