# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DONALD DAWSON-DURGAN,          :

                Petitioner,            Case No. 1:19-cv-382

  - vs -                               District Judge Matthew W. McFarland
                                         Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                Respondent.          :

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION

    This habeas corpus action is before the Court on Petitioner's Motion to Reconsider (ECF No. 38) the Magistrate Judge's Decisions denying leave to amend (ECF Nos. 35 & 37).

    Petitioner's instant Motion avers he has filed three motions to amend proposing to add three grounds for relief, proposed Grounds Eight, Nine, and Ten (ECF No. 38, PageID 2994). The Magistrate Judge denied the Motions to Amend, finding they would be futile because the new claims were barred by the statute of limitations, 28 U.S.C. § 2244(d)(ECF No. 35, PageID 2984; ECF No. 37, PageID 2992).

    Dawson-Durgan claims his time to file was tolled by the pendency of is Application for Reopening under Ohio R. App. P. 26(B), arguing:

> [T]he Federal District Courts has [sic] for years been conflicted as to if a App. R. 26 (b) is apart [sic] of the direct appeal process. (cases omitted). Ohio Supreme Court in Morgan v. Eads 104 Ohio St. 3d 142 (2004) holding (Our view that the App. R. 26 (b) process is a separate postconviction process and is not part of the original appeal. In the Northern District held in *Dunford v. Tibbals*, 2013 U.S. Dist. Lexis 151783. ( 26(b) not part of direct appeal.) In *White v. Schotten,* 201 F. 3d 743 (6th Cir. 2000) (holding that rule 26 (b) applications to reopen direct appeal are part of the direct appeal

1

> process). *White* dealt with the entitlement to counsel in a 26(B)(B)
> proceeding which was subsequently overruled as the court deciding,
> found he had no entitlement to counsel in a collateral proceeding.

(Motion, ECF No. 38, PageID 2996).

Contrary to Petitioner' argument, the Supreme Court of Ohio clearly held in *Morgan v. Eads,* 104 Ohio St. 3d 142 (2004), the Ohio Supreme Court held that 26(B) proceedings are collateral in nature rather than part of the direct appeal. This holding was acknowledged by another panel of the Sixth Circuit in *Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004), where the court held "An application under App. R. 26(B), whether successful or not, was never intended to constitute a part of the original appeal." Finally in *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005)(*en banc*), the court expressly overruled *White v. Schotten* and held that 26(B) proceedings are collateral. Thus Ohio law on this point has been clear for seventeen years and the federal statute of limitations does not run from the time a decision on a 26(B) application is final.

As a properly filed collateral attack on the judgment, as the Court has already held, the 26(B) Application tolled the statute until the Supreme Court of Ohio denied review on November 12, 2019, but that was far more than one year before Petitioner filed his Motions to Amend.

Dawson-Durgan correctly notes that his original Petition was timely filed. But the proposed amendments do not relate back to the date of the original Petition under Fed.R.Civ.P. 15.

> An amended habeas petition ... does not relate back (and thereby
> escape AEDPA's one-year time limit) when it asserts a new ground
> for relief supported by facts that differ in both time and type from
> those the original pleading set forth.

*Mayle v. Felix*, 545 U.S. 644, 650 (2005). And the pendency of a habeas corpus action also does not toll the statute of limitations because it is not a properly filed state collateral attack on the judgment. 28 U.S.C. § 2244(d); *Duncan v. Walker,* 533 U.S. 167 (2001).

Petitioner cites several cases holding that failure to meet the statute of limitations can be

2

excused when failure to do so would work a fundamental miscarriage of justice. The Supreme Court has accepted this argument in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). But to come within this exception, a petitioner must prove he is actually innocent of the crime in suit:

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

In *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held Congress enacted the statute of limitations in 28 U.S.C. § 2244(d)(1) "consistent with the *Schlup [v. Delo]* actual innocence exception." The *Souter* court also held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific

3

> evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005). Petitioner has not presented any new evidence of his actual innocence so as to qualify under the *McQuiggin* exception.

Having reconsidered his Decisions as requested, the Magistrate Judge declines to modify them. Petitioner's Motions to Am\end remain denied for the reasons previously given: the amendments are barred by the statute of limitations.

December 29, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
