# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DONALD DAWSON-DURGAN, :

        Petitioner,                Case No. 1:19-cv-382

  - vs -                            District Judge Matthew W. McFarland
                                    Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

        Respondent. :

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Donald Dawson-Durgan, is before the Court on Petitioner's Motion for Appointment of Counsel (ECF No. 42) and Motion for an Evidentiary Hearing (ECF No. 43).

**Motion for Evidentiary Hearing**

Petitioner asserts the main ground for an evidentiary hearing is his First Ground for Relief:

> **Ground One**: The court erred when it overruled the defense's motion to suppress defendant's statements.
>
> **Supporting Facts**: Defendant's constitutional rights were violated when during custodial interrogation by police when his rights were not appraised [sic] by those officers in accordance with his constitutional protections.

(Petition, ECF No. 1, PageID 5).  As Branch II of his Motion for Evidentiary Hearing he asks the Court for an order of the exact version of the transcript of the law enforcement interview with Petitioner, which was provided to the jury during his trial (ECF No. 43, PageID 3067).  He explains

1

> Respondent has also filed transcripts of the law enforcement interviews with Defendant. However, as noted in footnote 1 of the traverse, the record provided was not the same one used by the court and contained omissions. Even the portions of the interviews that were provided to Petitioner's jury, did not match the set used during trial as complained by the juror members who noted to the court as they were following along that they did not match what was viewed on the video in open court. Det. Pfaffi testified that the copy he provided to the court he had redacted. Yet some of the parts that were taken out by him contained Petitioner's request for counsel. Both sets contained omissions of Petitioner's statements regarding his request to stop the interview and for counsel and even the set provided to this court by the Respondent omit Petitioner requesting for counsel during the interview. Petitioner' s unsure if the tape was redacted as well.

(Motion, ECF No. 43, PageID 3068). The referenced footnote from the Traverse reads:

> The Respondent has submitted transcripts of the interview, however it should be noted that the ones submitted to this court were not the ones that were provided to the jury the jury raised a question were their copy did not match the copy read on the stand. Which they both omit statements by the Petitioner.

(Traverse, ECF No. 41, PageID 3017.)

Petitioner wants an

> evidentiary an evidentiary hearing to determine what parts of the law enforcement interview were played; what parts were redacted; for this court to determine if the parts of the interview submitted by Respondent were the same parts which were presented during Petitioner's trial and request an order by this court to furnish an exact copy "version" of the transcript interview which was provided to the jury during trial for this court[']s consideration of Petitioner's constitutional claims.

## Analysis

As a preliminary point, none of Petitioner's references to the record comply with Magistrate Judge Bowman's Order for an answer in this case, which plainly provides:

2

> Before filing the answer, the respondent shall file those portions of the state court record needed to adjudicate this case, accompanied by an index of the documents in the record. When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter, by either party, including the answer and the exhibit index, shall include record references to the PageID number.

(Order ECF No. 4, PageID 26-27). The reason for the Order is obvious: the record in this case is more than 3,000 pages long. When Petitioner states, for example, "Det. Pfaffi testified. . ." and gives no record reference, the Court is left to guess or search on its own. Petitioner is cautioned that further filings in this case that do not comply with Judge Bowman's Order will not be considered.

On October 27, 2021, Respondent filed what purport to be transcripts of Petitioner's May 4, 2016; May 10, 2016; and May 13, 2016, interviews with the police (respectively ECF No. 28-1, marked State's Exhibit 1-A; ECF No. 28-2, marked State's Exhibit 2-A; and ECF Nos. 28-3 and 28-4), transcribed by official court reporter Taleesa K. Smith from an audiotape. Petitioner appears to argue that there are some discrepancies between these transcripts and what the jury actually heard at trial, although he does nothing to enumerate what those discrepancies are.

Ultimately, however, what the jury heard is immaterial to the *Miranda* questions raised in Ground One. The questions of whether an interrogation is custodial so as to require *Miranda* warnings, or whether a *Miranda* waiver is voluntary once the warnings are given, are questions to be decided by the court, not the jury. The motion to suppress process is separate from and anterior to trial so that the jury does not hear evidence which may be suppressible and then try to put it out of their minds.

Petitioner's challenge is to the findings of fact and conclusions of law on the motion to suppress. Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132,

3

110 Stat. 1214)(the "AEDPA"), findings of fact made in the state court, both initially and on appeal, are presumed to be correct unless shown to be incorrect by clear and convincing evidence. 28 U.S.C. § 2254(e). They are binding on the federal habeas court unless it is shown that they constitute an unreasonable determination of the facts on the basis of the evidence presented. 28 U.S.C. § 2254(d)(2). Because this determination must be made on the basis of evidence already presented in state court. an evidentiary hearing on this question is rarely allowed. *Cullen v. Pinholster*, 563 U.S. 170 (2011). Conclusion of law – e.g., whether an interrogation was custodial or a waiver voluntary – are binding unless they are contrary to or an objectively unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

Petitioner seeks an evidentiary hearing to show the account given to the jury of the three May interviews differs from the filed transcripts. That is not a material issue because what the jury actually heard is before the Court in the trial transcripts. It is also not material because th4 determinative evidence is what the trial court heard in the suppression hearing. Finally, in determining whether the trial court's decision on the motion to suppress is entitled to deference, the Court is limited to the evidence that was before that court.

The Motion for Evidentiary Hearing is therefore DENIED.

**Motion for Appointment of Counsel**

In his Motion for Appointment of Counsel, Petitioner raises standard claims – lack of expertise in the law and complexity of the issues. He also wants an attorney to investigate Detective Pfaffi's redactions and other possible deviations of filed transcripts from oral testimony.

For the reasons given above, the asserted discrepancies in the transcripts are immaterial

4

and the requested evidentiary hearing has been denied. Regarding generalized complexities of the case, the Magistrate Judge understands that an attorney would be helpful in presenting the case. However, while Congress has permitted appointment of counsel in non-capital habeas corpus cases, it has never provided sufficient funding for appointment in more than a small fraction of these cases. This particular case is not so complex as to warrant appointment of counsel, which is DENIED.

February 15, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge