IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| DONALD DAWSON-DURGAN, | : |
| | : Case No. 1:19-cv-382 |
| Petitioner, | : |
| | : Judge Matthew W. McFarland |
| v. | : Magistrate Judge Michael R. Merz |
| | : |
| TIM SHOOP, Warden, | : |
| Chillicothe Correctional Institution, | : |
| | : |
| Respondent. | : |

## ENTRY AND ORDER

This matter is before the Court upon the Report and Recommendation (Doc. 45) and Supplemental Report and Recommendation (Doc. 50) (collectively, the "Reports") of United States Magistrate Judge Michael R. Merz, to whom this case is referred pursuant to 28 U.S.C. § 636(b). The Reports recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied with prejudice, except as to the Petition's Fifth Ground for Relief, which the Reports recommend be dismissed without prejudice to allow Petitioner to pursue any available state court remedies. (*See* Doc. 50.) Petitioner filed Objections to both Reports. (Docs. 48, 57). Thus, the matter is ripe for the Court's review.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has completed a *de novo* review of the record in this case. Upon review, the Court agrees with the thorough analysis contained in the Reports. The Court finds that Petitioner's Objections have been fully addressed and adjudicated in the Reports.

Nonetheless, the Court will address Petitioner's Objections to ensure a clear statement of the bases for the Court's findings.

### I. Ground One: Denial of Motion to Suppress

Petitioner was interviewed by police on three separate occasions and challenges the admissibility of his statements from all three interviews. (Objections, Doc. 57, Pg. ID 3166-91.) This claim was presented to the Ohio First District Court of Appeals on direct appeal and denied by that court on the merits. *See State v. Durgan*, No. C-170148, 2018 Ohio App. LEXIS 2544 (Ohio Ct. App. June 15, 2018). In turn, the Magistrate Judge found that the First District's findings were "based on a reasonable reading of the testimony and a reasonable application of the law and is therefore entitled to deference under 28 U.S.C. § 2254(d)." (Report, Doc. 45, Pg. ID 3085.) While Petitioner continues to object to the Magistrate Judge's conclusion, he fails to provide evidence to overcome the First District's findings through "clear and convincing evidence." 28 U.S.C. § 2254(e); *Cullen v. Pinholster*, 563 U.S. 170 (2011).

#### a. May 4, 2016 Interview

Petitioner argues that evidence which "was a part of the record" was "not considered or applied" by the First District in evaluating the motion to suppress as it applied to the May 4, 2016 interview. (Objections, Doc. 57, Pg. ID 3171.) However, "not every finding of fact need be stated on the record in indefinite detail and clarity." *Knaubert v. Goldsmith*, 791 F.2d 722, 727 (9th Cir. 1986). "[W]hen a state trial court holds a hearing on a motion to suppress evidence and rules on the motion, a federal district court may assume that the state court found the facts necessary to support the state court's

decision." *Id.* (citing *Townsend v. Sain*, 372 U.S. 293, 313-14 (1963)). This is because a state court's finding of fact must not be disturbed unless it is an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, or unless the petitioner provides clear and convincing proof to refute it. 28 § 2254(d)(2); *Brown v. Payton*, 544 U.S. 133, 140 (2005.)

While Petitioner cites to a list of alleged facts to support his position, the Magistrate Judge correctly found that there is insufficient evidence to overcome the deference owed to the First District. (Report, Doc. 45, Pg. ID 3085; Supplemental Report, Doc. 50, Pg. ID 3143.) As an initial matter, many of the record references cited by Petitioner were trial testimony, not suppression hearing testimony. *See State v. Tapke*, No. C-060494, 2007 Ohio App. LEXIS 4525, at * 22 (Ohio Ct. App. Sept. 28, 2007) ("Although both parties have argued about evidence that was presented at trial, we may only consider and review the evidence that was presented at the suppression hearing."). And those facts that were properly sourced from the suppression hearing do not otherwise "clear[ly] and convincingly" overcome the First District's findings. 28 U.S.C. § 2254(e); *Cullen v. Pinholster*, 563 U.S. 170 (2011).

### b. May 10, 2016 Interview

Petitioner additionally maintains that the police's underlying intention to place a GPS tracker on Petitioner's car during the May 10, 2016 interview was coercive. (Objections, Doc. 57, Pg. ID 3175-82.) However, as noted by both the First District and the Magistrate Judge, Petitioner "cannot have felt compelled to answer questions by the presence of the GPS unit because he did not know about it." (*See* Report, Doc. 45, Pg. ID

3

3087.) Again, Petitioner fails to overcome the First District's findings through "clear and convincing" evidence. 28 U.S.C. § 2254(e).

### c. May 13, 2016 Interview

Finally, Petitioner maintains that the police's use of the Reid Method during the May 13, 2016 interview was coercive. (Objections, Doc. 57, Pg. ID 3182-92.) The First District found that *Miranda* warnings were given prior to this interview and that Petitioner had waived his rights by signing the Advice of Rights form. *Durgan*, 2018 Ohio App. LEXIS 2544, at *13. The First District then concluded, based on the totality of the circumstances, that Petitioner's post-*Miranda* statements were voluntary. *Id*. While Petitioner maintains that the Reid Method was coercive, this specific argument was not raised in the suppression hearing and is, thus, defaulted. (*See* Supplemental Report, Doc. 50, Pg. ID 3150-52.) Without more, Petitioner cannot overcome the deference owed to the First District's findings.

Therefore, Petitioner's First Ground for Relief is dismissed with prejudice.

## II. Ground Two: Ineffective Assistance of Trial Counsel

Petitioner argues that his Second Ground for Relief is not procedurally defaulted because he "was not legally required to pursue [Ground Two] on post-conviction relief." (Objections, Doc. 57, Pg. ID 3192.) Petitioner misconstrues the Magistrate Judge's findings. The Magistrate Judge found that Petitioner's "claims about what a false confession expert would testify to are totally speculative." (Report, Doc. 45, Pg. ID 3093.) The appellate record did not offer any testimony from such an expert or any other relevant evidence to support Petitioner's contention. (*See id*.) So, while Petitioner is

4

permitted to bring such a claim forward on direct appeal, he failed to provide evidence to the First District that could properly be reviewed by the Magistrate Judge—making the claim procedurally defaulted. The Magistrate Judge merely explained that, if Petitioner desired to bring forward such evidence, he would had to have done so through a post-conviction petition. (*Id.* at Pg. ID 3093-94.) Petitioner failed to properly do so, as he (1) filed such a petition beyond the expiration of the statute of limitations and (2) failed to include this claim among those he raised. (*Id.* at Pg. ID 3094.) Thus, Ground Two is procedurally defaulted.

Despite the foregoing, the Magistrate Judge considered the substance of Petitioner's claim and found that the First District's findings were entitled to deference. (Report, Doc. 45, Pg. ID 3094.) While Petitioner argues that an expert on the Reid Method would have been outcome determinative in the case, (Objections, Doc. 57, Pg. ID 3194-98), such an assertion is merely hypothetical. The decision to call an expert witness is in the sound discretion of the trial counsel, and "the failure to call an expert and instead rely on cross-examination does not constitute ineffective assistance of counsel." *State v. Nicholas*, 66 Ohio St. 3d 431, 436 (Ohio 1993). As the First District found, Petitioner's trial counsel extensively and thoroughly cross-examined the lead detective about the Reid Method and other interrogation techniques. *Durgan*, 2018 Ohio App. LEXIS 2544, at *19. Without more, the Court cannot conclude that, had Petitioner's counsel called an expert on the Reid Method, the outcome of the trial would likely have been different. Therefore, Petitioner's Second Ground for Relief is dismissed with prejudice.

### III. Ground Three: Insufficient Evidence to Convict of Murder

Petitioner maintains that the First District did not properly consider all of the evidence available to it when determining the sufficiency of evidence to convict him of murder. (Objections, Doc. 57, Pg. ID 3203.) "It is important to remember when reviewing a sufficiency of the evidence challenge that this Court 'do[es] not reweigh the evidence, re-evaluate the credibility of the witnesses, or substitute [its] judgment for that of the jury.'" *Lynch v. Hudson*, No. 2:07-cv-948, 2011 U.S. Dist. LEXIS 110652, at *81-82 (S.D. Ohio Sept. 28, 2011) (quoting *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)). "If the record contains credible, competent evidence enabling a rational jury to find each essential element beyond a reasonable doubt, then Petitioner's challenge to the sufficiency of the evidence fails." *Id.* "A sufficiency of evidence review, for purposes of federal habeas relief, does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather on whether it made a rational decision to convict or acquit." *Benge v. Johnson*, 312 F. Supp. 2d 978, 1000 (S.D. Ohio 2004).

The evidence presented in this case was sufficient for conviction. (*See* Report, Doc. 45, Pg. ID 3094-96; Supplemental Report, Doc. 50, Pg. ID 3153-56.) Petitioner brings forward various arguments to suggest innocence—a lack of motive, threats, or presence at the crime scene. (Objections, Doc. 57, Pg. ID 3202-05.) However, as the Magistrate Judge demonstrated, the record possessed enough circumstantial evidence for a rational jury to find Petitioner guilty. (*See* Report, Doc. 45, Pg. ID 3094-96; Supplemental Report, Doc. 50, Pg. ID 3153-56.)

In particular, Petitioner argues that all of his statements made in the May 13, 2016

6

interview should not have been considered by the jury. (Objections, Doc. 57, Pg. ID 3204.) However, as discussed above, these statements were properly found to be admissible. Petitioner additionally argues that there was a lack of physical evidence to support the conclusion that a robbery had occurred or that Petitioner had shot the victim. (*Id.* at Pg. ID 3206.) However, as articulated by the Magistrate Judge, "[w]hen considering all the evidence, most of it circumstantial," the Court cannot say that the First District erred in finding the record to be sufficient for a murder conviction. (Supplemental Report, Doc. 50, Pg. ID 3156.) Therefore, Petitioner's Third Ground for Relief is dismissed with prejudice.

### IV. Ground Four: Insufficient Evidence of Having a Weapon Under Disability

Petitioner maintains that there was insufficient evidence to show that he possessed a weapon while under disability, as he was not responsible for the murder. (Objections, Doc. 57, Pg. ID 3211). Petitioner has admitted a prior conviction of robbery. (Report, Doc. 45, Pg. ID 3096.) And, as noted above, the Court has already concluded that there was sufficient evidence to prove Petitioner murdered the victim by shooting him to death. As the Magistrate Judge found, "[t]hat satisfies the possession of a firearm element of the offense." (*Id.*) Thus, there was sufficient evidence to convict Petitioner of having a weapon while under disability and Petitioner's Fourth Ground for Relief is dismissed with prejudice.

### V. Ground Five: Incorrect Form of Judgment Conviction

The Reports recommend that Ground Five should be dismissed without prejudice

7

to allow Petitioner to pursue any available state court remedies. (Report, Doc. 45, Pg. ID 3097; Supplemental Report, Doc. 50, Pg. ID 3157.) Petitioner does not object. Thus, the Court need not consider the Magistrate Judge's recommendation as it relates to Petitioner's Ground Five.

### VI. Ground Six: Violations of Petitioner's Sixth and Fourteenth Amendment Rights

Petitioner maintains that his Sixth Ground for Relief—Violation of his Sixth and Fourteenth Amendment rights—was raised in a timely manner pursuant to Ohio Rule of Appellate Procedure 26(B), as he mentioned elements of the claim in his Application to Reopen. (Objections, Doc. 57, Pg. ID 3215-17.) Petitioner cites to his Amendment to the Application, which brings forward a claim that "Defendant's Trial Counsel was Ineffective for Waiving the Defendant's Presence During a Critical Stage in the Proceedings[sic] and the Court Committed Plain Error by Accepting the Waiver by Counsel." (Amendment to Application, Doc. 10, Pg. ID 187.) The Magistrate Judge found this claim to be a reiteration of Ground Seven, which arises under ineffective assistance of counsel. (*See* Report, Doc. 45, Pg. ID 3098.) Though the facts within the claim are similar to those identified in Ground Six, the Magistrate Judge properly found this claim to be brought under ineffective assistance of counsel, not a violation of his Sixth and Fourteenth Amendment rights. (*Id.*)

Petitioner later filed a Petition for Post-Conviction Relief, raising claims that are reiterated as Ground Six and Ground Seven. (Petition, Doc. 10, Pg. ID 267-83.) However, the trial court denied the Petition as untimely, which the First District affirmed.

8

(Judgment Entry, Doc. 27, Pg. ID 406-09). Thereafter, the Supreme Court of Ohio denied Petitioner's request for mandamus "upon consideration of the respondent's motion to dismiss." (Entry, Doc. 27, Pg. ID 486.) Petitioner fails to present any argument that would "persuade this Court to ignore the Ohio law." (Supplemental Report, Doc. 50, Pg. ID 3157.) Thus, Petitioners Sixth Ground for Relief is procedurally defaulted and is dismissed with prejudice.

### VII. Ground Seven: Ineffective Assistance of Counsel

Petitioner concedes that Ground Seven was not timely appealed, but requests that the Court excuse his delay due to the pandemic. (Objections, Doc. 57, Pg. ID 3217.) The Magistrate Judge properly found that Petitioner procedurally defaulted his Seventh Ground for Relief due to its untimeliness. (Report, Doc. 45, Pg. ID 3097-3104; Supplemental Report, Doc. 50, Pg. ID 3157-58.) Again, the Court is not persuaded "to ignore the Ohio law." (Supplemental Report, Doc. 50, Pg. ID 3157.) Therefore, Petitioner's Seventh Ground for Relief is dismissed with prejudice.

### VIII. Conclusion

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 45) and the Supplemental Report and Recommendation (Doc. 50) in their entirety. The Court **ORDERS** the following:

(1) Petitioner's Petition (Doc. 1) as to Grounds One, Two, Three, Four, Six, and Seven of Relief are **DISMISSED WITH PREJUDICE**;

(2) Petitioner's Petition (Doc. 1) as to Ground Five of Relief is **DISMISSED WITHOUT PREJUDICE**, allowing Petitioner to pursue any available state

court remedies; and

(3) The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting these Reports would not be taken in good faith, and therefore, deny Plaintiff leave to appeal in forma pauperis. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND