# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DONALD DAWSON-DURGAN, :

                 Petitioner,            Case No. 1:19-cv-382

    - vs -                             District Judge Matthew W. McFarland
                                        Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                 Respondent.        :

# REPORT AND RECOMMENDATION ON MOTION TO ALTER OR AMEND THE JUDGMENT

This habeas corpus case, brought *pro se* by Petitioner Donald Dawson-Durgan under 28 U.S.C. §2254, is before the Court on Petitioner's Motion to Amend the Judgment (ECF No. 60). As with all post-judgment motions, the Motion to Alter or Amend requires a report and recommended disposition from an assigned Magistrate Judge.

The standard for deciding a Rule 59(e) motion is well-established:

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

In contrast, motions under Fed. R. Civ. P. 59(e) are not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation

1

omitted).   Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence.   *Id.* In ruling on an Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5 (2008) (quoting prior edition)."

Instead of seeking consideration of new arguments or evidence, Petitioner essentially seeks reconsideration of arguments already made or reweighing of conclusions from the evidence presented in the trial court.   Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided.   They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied*, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

Dawson-Durgan has not shown a manifest error of law in the Court's final disposition nor has he produced any new evidence.   Instead he asks the Court to view the evidence again from his perspective.   He frames this request in terms of charging the Court did not deal adequately with parts of his latest set of objections at ECF No. 57.

In ordering the entry of judgment, the Court recited for the benefit of the parties and for

the Court of Appeals that it had reviewed the Magistrate Judge's Reports and Recommendations *de novo* (Entry and Order, ECF No. 58, PageID 3222). Nonetheless, the Entry and Order went on to discuss particular portions of the R&R's which had drawn objections. *Id.* at PageID 3223-29.

A Rule 59(e) motion is not an appropriate vehicle to as a habeas court to explain again or more fully why it has rejected Petitioner's positions. As the Supreme Court has recently held "Rule 59(e) gives a district court the chance "to rectify its own mistakes in the period immediately following" its decision. *Bannister v. Davis*, ___ U.S. ___, 140 S. Ct. 1698 (2020), quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). Petitioner has not persuaded the Court that it made mistakes in deciding the case. The Motion to Alter or Amend should be denied.

April 10, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge

3